Order Form (01/2005)

# United States District Court, Northern District of Illinois

*HHN*

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4408 | **DATE** | 9/14/2010 |
| **CASE TITLE** | Curtis-Joseph vs. Richardson, et al. | | |

**DOCKET ENTRY TEXT**

Amended motion for relief from judgment [77] is denied.

*Charles Norgle* (signature)

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Before the Court is Plaintiff Funmi Curtis-Joseph's ("Plaintiff") motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(1), (3) and (4), in which she states that the Court should not have dismissed her case for want of prosecution because the Court misunderstood "the character of Plaintiff's default," meaning that Defendants' counsel caused the default, not her. For the following reasons, the motion is denied.

    Plaintiff, who is operating pro se, initiated this case on August 5, 2008 against the University of Illinois at Chicago ("UIC") and several UIC officials and security officers. Her complaint alleged generally that she was arrested without probable cause. The Court eventually dismissed the UIC Board of Trustees from the case but left intact Plaintiff's claims against the three individual officers. The parties proceeded with discovery, which, by all accounts, did not go smoothly. Plaintiff failed to timely respond to written discovery and she failed to appear for her deposition. The Court granted a motion to compel as to Plaintiff's responses to written discovery on June 19, 2009. And, when Plaintiff finally responded, she submitted her responses unsigned. Plaintiff's counsel soon after withdrew from the case.

    In an attempt to keep the case moving forward, Defendants requested that Plaintiff submit to them a signed copy of her discovery responses. Getting no response, Defendants eventually filed another motion to compel. The Court granted the motion to compel and ordered Plaintiff to submit her responses to all outstanding discovery by a certain date. Plaintiff failed to comply with the Court's order, and thus Defendants filed a motion to dismiss for failure to prosecute pursuant to FED. R. CIV. P. 41(b). Plaintiff filed a response on April 21, 2010, arguing that her case should not be dismissed because she had not acted deliberately when she failed to comply with the Court's prior order. On June 4, 2010 the Court granted Defendants' motion to dismiss. The Court's ruling spawned the instant motion.

    Rule 60(b) permits a district court to relieve a party from a judgment on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from the operation of the court's order. FED. R. CIV. P. 60(b). A Rule 60(b) motion

| STATEMENT |
|---|

cannot be used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" <u>Cash v. Ill. Div. of Mental Health</u>, 209 F.3d 695, 698 (7th Cir. 2000). The Seventh Circuit emphasized that Rule 60(b) imposes an exacting standard under which the movant must demonstrate exceptional circumstances to prevail. <u>Harrington v. City of Chi.</u>, 433 F.3d 542, 547 (7th Cir. 2006); <u>Karraker v. Rent-A-Center, Inc.</u>, 411 F.3d 831, 837 (7th Cir. 2005); <u>Romo v. Gulf Stream Coach</u>, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).

    In the instant motion, Plaintiff does not refute her delays, but simply argues that Rule 60(b) relief is warranted because it was Defendants' counsel who engaged in "malicious and prejudice action [sic]" that caused the delay, and because her former attorney committed "gross negligence and [flagrantly disregarded] her duty to Plaintiff." Mot. at 1. But she offers nothing to support these assertions. What is more, Plaintiff's motion simply rehashes the arguments she made in response to the motion to dismiss. She presented neither newly-discovered evidence, nor original material that justifies relief from the Court's June 4, 2010 Order. The Court previously found that Plaintiff failed to comply with two prior orders regarding her deposition and other discovery deadlines, while at the same time she failed to show good cause for those failures. The case, the Court found, had "ground to a halt" because of Plaintiff's failure to take part in discovery. It has been almost two years since Plaintiff filed the case, and the parties haven't made a dent in the discovery process. As it is, nothing in Plaintiff's motion constitutes extraordinary circumstances; thus the Court finds that the Plaintiff has not adequately stated a basis for relief under Rule 60(b). Plaintiff's motion is denied.

    IT IS SO ORDERED.